ORIGINAL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAURIE ABBOTT, FRED WILLIAMS, and FRED WILLIAMS HOMEBUILDERS, INCORPORATED, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF POOLER, EARL L. CARTER, BILLIE L. TYLER, and STEVE E. WALL, JR., <br><br> Defendants. | CIVIL ACTION NUMBER: <br> **CV4 03 - 041** |

## COMPLAINT

Come now **Laurie Abbott, Fred Williams and Fred Williams Homebuilders, Incorporated**, plaintiffs herein, and show as follows:

1.

Plaintiff, Laurie Abbott, is a resident of the State of Georgia.

2.

Plaintiff, Fred Williams, is a resident of the State of Georgia.

3.

Plaintiff, Fred Williams Homebuilders, Incorporated is a Georgia corporation.

4.

Defendant, City of Pooler, is a political subdivision of the state of Georgia.

A0407-0001
159532 7

5.

Defendant, City of Pooler, is located within Chatham County, Georgia.

6.

Defendant, Earl L. Carter, resides at 406 Purple Finch Drive, Pooler, Georgia 31322, and may be served at that address.

7.

Defendant, Billie L. Tyler, resides at 515 Gleason Avenue, Pooler, Georgia 31322, and may be served at that address.

8.

Defendant, Steve E. Wall, Jr., resides at 305 Cardinal Street, Pooler, Georgia 31322, and may be served at that address.

9.

The Plaintiffs described in Paragraphs 1-3 are collectively referred to hereafter as "Plaintiffs."

The Defendants described in Paragraphs 4-8 are collectively referred to hereafter as "Defendants."

10.

Defendants are subject to the jurisdiction of this court, and venue in this court is proper.

11.

Defendants may be served pursuant to the provisions of O.C.G.A. § 9-11-4 or O.C.G.A. § 36-1-5 and Rule 4 of the Federal Rules of Civil Procedure.

12.

Defendants are subject to suit pursuant to provisions of the Constitution of the United States of America, the Constitution of the State of Georgia, O.C.G.A. § 36-1-3, O.C.G.A. § 36-7-1 *et seq.*, and other statutory and case law of the State of Georgia.

13.

Plaintiff has complied with the requirements of O.C.G.A. § 36-11-1 by the letter dated September 13, 2001, from counsel for Plaintiffs, George Boyd, Jr., attached hereto as Exhibit "A" and by the filing of this lawsuit. The City has denied any and liability for the damages set forth in the attached notice.

14.

The City of Pooler, Georgia was officially incorporated in 1907.

15.

Since its incorporation in 1907, the City of Pooler has remained a predominantly white community despite its location in Chatham County, Georgia, which has historically maintained a high percentage of minority population.

16.

According to the 2000 Census, the City of Pooler had a total population of 6,239. Of the total population, 87.8% of the population identified themselves as white and only 7.9% identified themselves as black or African-American. In contrast, according to the 2000 census, approximately 40% of the total population in Chatham County identified themselves as black or African-American.

17.

The governing body of the City of Pooler consists of a six-person city council and a mayor. The current mayor and city council of the City of Pooler are white. To the best information and belief of plaintiffs herein, there has never been an African-American elected as mayor or as a member of the city council in the City of Pooler.

## FACTUAL ALLEGATIONS WITH RESPECT TO CLAIMS OF FRED WILLIAMS AND FRED WILLIAMS HOME BUILDERS, INCORPORATED

18.

Plaintiff incorporate Paragraphs 1 through 17 as if fully set forth herein.

19.

Defendant City of Pooler maintains, as separate and distinct departments, an Inspection Department and a Zoning Department.

20.

Defendant City of Pooler's Inspection Department is primarily charged with building permitting and inspection activities.

21.

Defendant City of Pooler's Zoning Department is charged with proposing and advising on zoning requests and enforcing zoning regulations.

22.

At a regularly Scheduled Council Meeting of Defendant City of Pooler, the Defendants adopted a new fee of $1,200 (one thousand two hundred dollars) per approved building permit to be assessed to fund future construction and expansion of Defendant City of Pooler's sewer treatment facility [hereinafter referred to as "cost recovery fees"]. Such fees were not previously imposed by the Defendant City of Pooler.

23.

Defendant City of Pooler has enacted construction and construction related requirements which exceed the minimum acceptable industry standards for construction.

24.

Defendant City of Pooler has proscribed the minimum lot size for similarly categorized one-family residential construction as ten thousand five hundred square feet. Throughout the rest of Chatham County, lot sizes for one-family residences of six thousand square feet are permitted.

25.

Plaintiff Fred Williams has been a home builder and developer since 1970. Plaintiff Fred Williams and Fred Williams Home Builders, Incorporated began building homes and developing residential subdivisions in the City of Pooler in approximately 1995 after twenty-five years of building homes and residential communities in Savannah and Chatham County. Initially, Fred Williams and Fred Williams Home Builders, Incorporated were welcomed into the community by representatives of the City of Pooler, to include the individual defendants named herein.

26.

In approximately 1997, it became apparent to agents or employees of the City of Pooler, to include the individual defendants named herein, that Fred Williams and Fred Williams Home Builders, Incorporated marketed and sold homes to African-Americans living in or desiring to reside in Chatham County. Upon receipt of this knowledge, defendants herein and their agents and/or employees engaged in a continuous and deliberate effort to harass and intimidate Fred Williams and agents, employees and subcontractors of Fred Williams Home Builders, Incorporated.

27.

In July 2000, Fred Williams Home Builders, Incorporated made its offices in the City of Pooler available to representatives of the United States Department of Justice to conduct an investigation into the fair housing practices of the City of Pooler. Defendants were aware of the Department of Justice's investigation and the support provided by Fred Williams and Fred Williams Home Builders, Inc. for said investigation. The meeting conducted by the Department of Justice resulted in the filing of a lawsuit by the Department of Justice against the City of Pooler under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

28.

Subsequent to the meeting referenced in the previous paragraph, the acts of harassment and intimidation of Fred Williams and agents, employees and subcontractors of Fred Williams Home Builders, Inc. by agents and employees of defendants increased.

29.

Defendant City of Pooler has subjected buildings constructed and under construction by Plaintiff Fred Williams to higher levels of scrutiny during the inspection process than buildings constructed and under construction by other builders.

30.

Agents or employees of the City of Pooler have intimidated and harassed subcontractors employed by Fred Williams and Fred Williams Home Builders, Incorporated. Defendants Carter, Tyler and Wall had personal knowledge of the harassment and intimidation of Fred Williams and Fred Williams Homebuilders, Incorporated as described above and failed and/or refused to take any action to prevent same.

31.

In 1999, the City of Pooler required Fred Williams to enter into "water and sewer agreements" pursuant to which Fred Williams would be required to pay a $1,200 cost recovery fee to the City before the City would agree to issue a building permit for certain developments under construction by Fred Williams and Fred Williams Home Builders, Incorporated.

32.

Fred Williams and Fred Williams Home Builders, Incorporated were required to execute the "water and sewer agreements" referenced in the previous paragraph and to make payments in accordance therewith as a condition of development approval.

33.

The "cost recovery fees" paid by Fred Williams and/or Fred Williams Home Builders, Incorporated were used by the City to pay for the cost of capital facilities made necessary by new growth and development in the City of Pooler.

34.

The City of Pooler has not adopted Development Impact Fees in the manner required by the Georgia Development Impact Fee Act.

35.

The actions of defendants as described herein have had and continue to have a disparate impact on housing opportunities available to African-Americans.

**FACTUAL ALLEGATIONS WITH RESPECT TO CLAIMS OF**

**LAURIE ABBOTT AND PROFESSIONAL PLAZA BUILDING, INC.**

36.

Plaintiffs incorporate Paragraphs 1 through 35 as if fully set forth herein.

37.

According to the 2000 census, there were a total of 2,368 housing units in the City of Pooler. Of the total housing units in the City of Pooler, only 2.3% contained 10 or more units per structure.

38.

Prior to November 2001, Defendant City of Pooler applied a zoning ordinance which restricted apartment density, in part, to the following square footage requirements: efficiency apartment - 1,500 square feet; one bedroom apartment - 2,000 square feet; two bedroom apartment 2,500 square feet; three bedroom apartment - 3,000 square feet.

39.

Plaintiff Laurie Abbott, as successor in interest to Professional Plaza Building, Inc., owned certain property located within the City of Pooler.

40.

Plaintiff Laurie Abbott attempted to develop the property described in Paragraph (39) for the purpose of constructing an apartment complex.

41.

Defendant City of Pooler's zoning of land for multi-unit dwellings prior to November 2001 prevented Plaintiffs Laurie Abbott from developing the property referenced in Paragraph (39).

42.

In the process of planning the development referenced in Paragraph (40) above, Plaintiff Laurie Abbott met with representatives of the City of Pooler to discuss the applicable zoning regulations. During the course of that meeting, representatives of the City of Pooler expressed knowledge of the zoning requirements described in Paragraph (38) above.

43.

At no time during the course of the meeting between Laurie Abbott and representatives of the City of Pooler did any agent or employee of the City of Pooler opine or otherwise state that the zoning requirements set forth in Paragraph (38) were the result of a scrivener's error or other mistake on the part of the City. Rather, said representatives insisted that the zoning regulations would apply to the proposed development.

44.

Because of the regulations described in Paragraph (38), Plaintiff Laurie Abbott was prevented from completing the development described in Paragraph (40).

45.

After Plaintiff Laurie Abbott was prevented from constructing an apartment complex by the zoning regulations in the City of Pooler, Laurie Abbott contracted with a developer by the name of Jerry Braden, who intended to develop the same property as low-income retirement housing. Defendants, however, opposed and ultimately defeated Mr. Braden's development on the belief that it would attract African-Americans to the City of Pooler.

46.

Defendants Carter, Tyler and Wall had personal knowledge of the zoning requirements set forth in Paragraph (38) and failed or refused to take action to change said zoning requirements despite knowledge that such requirements had a disparate impact on housing opportunities for African-Americans.

47.

The zoning and building requirements, described in Paragraphs (23), (24) and (38) were implemented and maintained as part of a concerted effort on behalf of Defendants and other agents and/or employees of the City of Pooler to deny housing opportunities to African-American home buyers and to dissuade or prevent the building of affordable housing which could be sold or rented to African-American home renters or home buyers.

48.

Only after receipt of the ante litem notice by plaintiffs herein did defendants change the zoning requirements described in Paragraph (38).

49.

As a result of the actions of Defendants as described herein, less than eight percent of the population of the City of Pooler is African-American, while Chatham County as a whole has maintained an African-American population of approximately forty percent.

50.

The actions of defendants herein have had and continue to have a disparate impact on the housing opportunities available to African-Americans within the City of Pooler.

## Count One

### Violation of the Georgia Development Impact Fee Act

51.

Paragraphs 1 through 50 above are realleged in their entirety.

52.

Plaintiff alleges that the fees, described in Paragraph (22), have been imposed as a condition precedent for approval of new development and for the purpose of paying for system improvements needed to serve new growth and development.

53.

The fees, described in Paragraph (22), are development impact fees as defined by O.C.G.A. §36-71-2.

54.

Defendant has not complied with the requirements for the imposition of development impact fees as required by O.C.G.A. § 36-71-1 *et seq.*

55.

The fees, described in Paragraph (22), are not authorized by Georgia law and are, therefore, illegal exactments.

## Count Two

### Constitution of the United States of America - Violation of Equal Protection

56.

Paragraphs 1 through 55 are realleged in their entirety.

57.

The Defendant's imposition of zoning regulations for the purpose of discouraging African-Americans from purchasing housing within the City of Pooler violates the equal protection requirements under the Constitution of the United States of America.

58.

The imposition of excessive fees for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the United States of America.

59.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the United States of America.

60.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for the purpose of discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates the Equal Protection requirements under the Constitution of the United States of America.

## Count Three

## Constitution of the State of Georgia - Violation of Equal Protection

61.

Paragraphs 1 through 60 are realleged in their entirety.

62.

The Defendant's imposition of zoning regulations for the purpose of discouraging African-Americans from purchasing housing within the City of Pooler violates the equal protection requirements under the Constitution of the State of Georgia.

63.

The imposition of excessive fees for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the State of Georgia.

64.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the State of Georgia.

65.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for the purpose of discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates the Equal Protection requirements under the Constitution of the State of Georgia.

## Count Four

### Constitution of United State of America - Arbitrary and Capricious Action

66.

Paragraphs 1 through 65 are realleged in their entirety.

A0407-0001
159532 7

67.

Defendant City of Pooler's imposition of zoning regulations for efficiency apartments requiring a minimum square footage of 1,500 square feet constituted an arbitrary and capricious exercise of Defendant's police power.

68.

Defendant City of Pooler's imposition of zoning regulations for one bedroom apartments requiring a minimum square footage of 2,000 square feet constituted an arbitrary and capricious exercise of Defendant's police power.

69.

Defendant City of Pooler's imposition of zoning regulations for two bedroom apartments requiring a minimum square footage of 2,500 square feet constituted an arbitrary and capricious exercise of Defendant's police power.

70.

Defendant City of Pooler's imposition of zoning regulations for three bedroom apartments requiring a minimum square footage of 3,000 square feet constituted an arbitrary and capricious exercise of Defendant's police power.

71.

Defendant City of Pooler's imposition of zoning regulations for one-family residential construction requiring a minimum lot size of ten thousand five hundred square feet constituted an arbitrary and capricious exercise of Defendant's police power.

72.

Defendant City of Pooler's imposition of construction standards and other construction related requirements which exceed the minimum acceptable industry standards for construction is an arbitrary and capricious exercise of Defendant's police power.

## Count Five

## Violation of Fair Housing Act

73.

Paragraphs 1 through 72 above are realleged in their entirety

74.

Defendants' imposition and enforcement of its zoning regulations, land development fees, and building requirements as alleged herein have had a significant and detrimental impact on the population of African-Americans residing in the City of Pooler in violation of 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

75.

Defendants' imposition of zoning regulations for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

76.

The imposition of excessive fees for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

77.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

78.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for the purpose of precluding affordable housing and discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

79.

The harassment and intimidation of plaintiff Williams by agents or employees of defendants as described herein violates 42 U.S.C. § 3601 et seq. (commonly known as the Fair Housing Act).

WHEREFORE, Plaintiff prays for the following:

A. That service of process issue forthwith against Defendants;

B. That Defendants be immediately and permanently enjoined from applying particular scrutiny to Plaintiff Williams' building projects;

C. That Defendants be immediately and permanently enjoined from violating 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act);

D. That Defendant City of Pooler be immediately enjoined from enforcement of the fees for the issuance of building permits and for other fees related to real estate development complained of herein;

E. That Defendant City of Pooler be immediately and permanently enjoined from collecting any development enactments complained of herein;

F. That Defendant City of Pooler be immediately and permanently enjoined from collecting any development impact fee prior to complying with the provisions of O.C.G.A. § 36-71-1 *et seq.*;

G. That Defendant City of Pooler refund all funds unlawfully collected by it;

H. That the costs of this action be taxed against the Defendants;

I. That Plaintiffs be awarded attorneys fees and the costs associated with bringing this action;

J. That Plaintiffs be awarded punitive and actual damages as appropriate; and

K. For any other relief which this Court deems just and proper.

Respectfully Submitted this 6th day of March, 2003.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Attorneys for Plaintiffs

By: _____
Deron R. Hicks
Ga. Bar No.: 347641

1043 Third Avenue
P. O. Box 1199
Columbus, Georgia 31902
(706) 324-0251

A0407-0001
1595327